IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| GINA TILTON, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No.   14-1267 |
| GLAXOSMITHKLINE, LLC. | : | |
| | : | |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                                        August 21, 2014

Before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint , seeking dismissal of plaintiff's claims against defendant for failing to plead essential elements of her employment discrimination claims (paper no. 20). Plaintiff responds that defendant's motion should be denied as untimely and procedurally barred (paper no. 26). Plaintiff also contends the motion should be denied on the merits. The allegations in the Amended Complaint are sufficient to support her claims of gender and age discrimination. Defendant's motion will be denied.

**I.      BACKGROUND**

On February 28, 2014, plaintiff, Gina Tilton, initiated this action against defendant, GlaxoSmithKline, LLC, for alleged violations of 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 *et seq.* ("PHRA").[1] Plaintiff, then fifty-five years old,

---

[1] Plaintiff brings federal law claims for gender discrimination under Title VII and age discrimination under the ADEA. Plaintiff brings Pennsylvania law claims for both gender and age discrimination under the PHRA. Because Pennsylvania courts generally interpret the PHRA according to its federal counterparts, the court will not separately analyze plaintiff's federal and Pennsylvania claims for the purposes of this motion. *See, e.g.*, *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

1

alleged defendant discriminated against her on the basis of her age and gender.[2] According to the complaint, plaintiff was first employed by defendant as a marketing manager in February 2012. At some point, plaintiff's manager, Greg Galiano, returning from a medical leave of absence, began treating plaintiff in a manner she found rude and belligerent. Plaintiff alleges Mr. Galiano disciplined plaintiff for pretextual reasons and made disparaging comments about her age and gender. Plaintiff alleges Mr. Galiano's treatment of her constituted a hostile work environment. Plaintiff's initial complaint did not allege that plaintiff suffered any other injury or that she no longer worked for defendant.

On April 22, 2014, defendant timely filed an answer to plaintiff's complaint, asserting, *inter alia*, plaintiff's complaint failed to state a claim upon which relief could be granted and plaintiff's claims were barred by her voluntary resignation from her position. Answer at 6 (paper no. 10).

On June 25, 2014, the court held an initial pretrial conference under Federal Rule of Civil Procedure 16. At the Rule 16 conference, the court asked plaintiff to clarify the alleged adverse employment action, a necessary element for her claims. Plaintiff stated she was alleging constructive discharge and the court issued a written order (paper no. 17) granting plaintiff leave to file an amended complaint alleging injury.

---

[2] Plaintiff alleges she exhausted the administrative remedies required for her claims, but has not attached any documents to support this allegation. Plaintiff alleges she filed this suit after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required under Title VII. Plaintiff was not required to exhaust administrative remedies before initiating her ADEA action, so long as she gave notice to the EEOC at least thirty days before filing a complaint. 29 U.S.C. § 633a(d). However, if she initiated an administrative complaint with the EEOC alleging age discrimination along with her gender discrimination claim, then she had to exhaust her remedies there by awaiting a final decision from the EEOC on the age claim before proceeding to court. *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013); *see also Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981). Plaintiff may need to show she gave notice to the EEOC of her intent to sue for age discrimination or otherwise exhausted her administrative remedies if she wishes to proceed with her age discrimination claim past the pleadings stage.

After plaintiff filed her amended complaint (paper no. 18), defendant filed the instant motion seeking dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 555 U.S. 544, 570 (2007)).

The Court of Appeals has instructed courts to analyze a complaint in two parts to determine whether it complies with the pleading standard articulated in *Twombly* and *Iqbal*. First, the court should divide the allegations in the complaint into factual and legal claims and the court ignore the legal conclusions but should accept the factual allegations as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court should determine whether the alleged facts construed in the light most favorable to the plaintiff set forth a "plausible claim for relief." *Id.* at 211.

Plaintiff may prevail on an employment discrimination claim either by presenting "direct evidence" of discrimination or presenting sufficient circumstantial evidence to satisfy the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Price Waterhouse v. Hopkins*, 490 U.S. 228, 271-72 (1989) (O'Connor, J., concurring);[3] *Ptasznik v. Univ. of Pa.*, 523 F. App'x 156, 159 (3d Cir. 2013). Plaintiff is not required to establish she can *prove* her case of discrimination at the pleadings stage, but she must "put forth [factual] allegations that 'raise a

---

[3] Justice O'Connor's concurring opinion in *Price Waterhouse* represents the holding of the Court. *See, e.g.*, *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337-38 n.2 (3d Cir. 2002).

reasonable expectation that discovery will reveal evidence of the necessary element[s]'" of each of her claims.  *Fowler*, 578 F.3d at 213 (citation omitted).

### III.   TIMELINESS

Plaintiff contends defendant's motion is untimely and improper because defendant did not file a motion to dismiss the initial complaint, but responded with an answer, so its motion is barred under Rule 12.  In general, a motion to dismiss under Rule 12 should be made before a responsive pleading to the complaint is filed.  Fed. R. Civ. P. 12(b).  Additionally, certain defenses are waived when a defendant fails to assert them by pre-answer motion or in a responsive pleading.  Fed. R. Civ. P. 12(h)(1).  Finally, a party having previously submitted a motion to dismiss may not file a subsequent motion to dismiss asserting defenses omitted from the earlier motion if the defense was available when the earlier motion was filed.  Fed. R. Civ. P. 12(g)(2).

Plaintiff's arguments are without merit.  In the cases cited by plaintiff, only one court refused to address the substance of a Rule 12(b)(6) motion.  In *CGL, LLC v. Schwab*, the court denied the defendant's Rule 12(b)(6) motion to dismiss an amended complaint because the defendant had not included the Rule 12(b)(6) argument with a previously-adjudicated motion to dismiss the initial complaint, so the second motion was procedurally barred under Rule 12(g)(2) .  No. 11-4593, 2012 WL 4321972, at *3-4 (E.D. Pa. Sept. 21, 2012) (denying without prejudice to raise the arguments in a Rule 12(c) motion for judgment on the pleadings).  Here, defendant never moved to dismiss plaintiff's initial complaint, so Rule 12(g)(2) does not apply.

Defendant asserted the affirmative defense of failure to state a claim in its answer to plaintiff's initial complaint.  Several courts in this district have rejected a literal reading of the Rule 12(b) requirement to file motions before a responsive pleading when defendants have raised the defense in an answer but fail to make any Rule 12 motion until a post-answer amended complaint.

*See, e.g.*, *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.*, No. 08-cv-0371, 2008 WL 1757922, at *1-2 (E.D. Pa. Apr. 16, 2008); *Molnycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 449 n.1 (E.D. Pa. 1999); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 413-14 (E.D. Pa. 1981). Defendant's motion is not procedurally barred and the court will review the motion on the merits.

To the extent plaintiff requests the court impose sanctions against defendant's counsel under 28 U.S.C. § 1927, *see* Pl. Opp. at 1 n.1, that request will be denied as frivolous.

### III. ADVERSE EMPLOYMENT ACTION

To proceed with her claims for either gender or age discrimination under the *McDonnell-Douglas* test, plaintiff must plead the elements of a *prima facie* case: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under conditions giving rise to an inference of discrimination. *See, e.g.*, *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999). Defendant contends all plaintiff's claims should be dismissed because she has failed to sufficiently plead suffering an adverse employment action. In certain circumstances, a hostile work environment or constructive discharge may be considered adverse employment actions. *See, e.g.*, *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 766 (1998); *Clegg v. Falcon Plastics, Inc.*, 174 F. App'x 18, 27 (3d Cir. 2006).

In arguing plaintiff has not pleaded constructive discharge, defendant relies almost entirely on cases at the summary judgment or post-trial stage. *See Reynolds v. Sept. of the Army*, 439 F. App'x 150 (3d Cir. 2011) (summary judgment); *Duffy v. Paper Magic Group*, 265 F.3d 163 (3d Cir. 2001) (summary judgment); *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074 (3d Cir. 1996) (summary judgment); *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159 (3d Cir. 1993) (judgment

notwithstanding the verdict); *Levendos v. Stern Entm't, Inc.*, 860 F.2d 1227 (3d Cir. 1988) (summary judgment); *Reifinger v. Parkland Area Sch. Dist.*, No. 12-cv-3671, 2014 WL 1301991 (E.D. Pa. Mar. 28, 2014) (summary judgment).  The standard to determine whether a claim can survive summary judgment or judgment as a matter of law "is not a proper measure of whether a complaint fails to state a claim."  *Fowler*, 578 F.3d at 212-13.

Plaintiff here alleges Mr. Galino:  (1) "wrote up" plaintiff improperly for various pretextual reasons; (2) treated her in a rude and belligerent manner; (3) accosted her about her salary and the fact she earned more than her male colleagues; (4) ignored her; and (5) made disparaging comments about her age and intellect.  First Am. Compl. ¶¶ 22-35.  She alleges she resigned in response to this hostile environment.  First Am. Compl. ¶¶ 35-36.  These allegations "raise[] a reasonable expectation that discovery will reveal evidence" of constructive discharge or a hostile work environment.  *Fowler*, 578 F.3d at 213.

Defendant's motion to dismiss plaintiff's claims for failing to plead an adverse employment action will be denied.

**IV.     CONDITIONS GIVING RISE TO AN INFERENCE OF DISCRIMINATION**

Regarding plaintiff's claims for age discrimination, defendant argues plaintiff has not pleaded the fourth element under the *McDonnell-Douglas* test, because she has failed to plead she was replaced by a younger individual.  Defendant is correct that a *prima facie* case of age discrimination generally requires proof that plaintiff was replaced with a "sufficiently younger" employee to support an inference of animus.  *See Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009).  Plaintiff's complaint fails to make this specific allegation.  However, the burden-shifting framework of *McDonnell-Douglas* applies only when a plaintiff cannot show direct evidence of discrimination.

Direct evidence includes "statements by decision makers that reflect the alleged animus and bear squarely on the adverse employment decision." *Garcia v. Newtown Twp.*, 483 F. App'x 697, 704 (3d Cir. 2012). Plaintiff has alleged her supervisor, Mr. Galiano, pretextually "wrote up" plaintiff for errors due to plaintiff's age, First Am. Compl. ¶ 23, asked her if she was "brain-dead," First Am. Compl. ¶ 33, told plaintiff "at her age" should needed to be "more careful with details," First Am. Compl. ¶ 33, and made other "negative comments due to plaintiff's age," First Am. Compl. ¶ 34. Plaintiff alleges these comments contributed to a hostile work environment and, ultimately, her resignation. First Am. Compl. ¶¶ 30, 35-36. These allegations "raise[] a reasonable expectation that discovery will reveal [direct] evidence" of discrimination. *Fowler*, 578 F.3d at 213.

Plaintiff, however, should proceed with caution if she chooses to rely solely on direct evidence to substantiate her claims for age discrimination. The Court of Appeals has warned, "[a]s a practical matter, only rarely will a plaintiff have direct evidence of discrimination." *Garcia*, 483 F. App'x at 704 (quotation marks and citation omitted). If plaintiff cannot provide evidence of direct discrimination, her age discrimination claim will only survive if she can proceed with circumstantial evidence to support a *prima facie* case under *McDonnell-Douglas*.[4]

## V. CONCLUSION

Plaintiff has alleged sufficient facts to raise a reasonable expectation discovery will lead to evidence of an adverse employment action and direct evidence of animus based on plaintiff's age. The motion to dismiss will be **DENIED** without prejudice to a motion for summary judgment. An appropriate order follows.

---

[4] Plaintiff may not be able to recover for both her age and gender discrimination claims. Although a Title VII plaintiff may present a "mixed motive" theory of discrimination to a jury, 42 U.S.C. § 2000e-2(m), an ADEA plaintiff must show her age was the "but-for" cause of the unlawful discrimination, *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009). Plaintiff is permitted to plead her claims in the alternative, so the court need not resolve the issue at this stage.