IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GINA TILTON | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 14-1267 |
| GLAXOSMITHKLINE, LLC | : | |

**NORMA L. SHAPIRO, J.**                                                                                                 APRIL 21, 2015

## MEMORANDUM

Before the court are plaintiff Gina Tilton's Motion to Modify Scheduling Order (paper no. 55) and defendant GlaxoSmithKline, LLC's Memorandum in Opposition (paper no. 56). Because plaintiff fails to demonstrate good cause to modify the scheduling order, plaintiff's motion is denied.

### I.  BACKGROUND

Plaintiff alleges her supervisor, an employee of defendant, created a hostile work environment constituting gender and age discrimination. Plaintiff sued defendant for gender discrimination in violation of Title VII of the Civil Rights Act, age discrimination in violation of the Age Discrimination in Employment Act, and gender and age discrimination in violation of the Pennsylvania Human Relations Act.

The court ordered the parties to complete discovery by September 5, 2014. In a subsequent Order, the court gave plaintiff leave to depose nine witnesses by March 3, 2015. On February 2, 2015, plaintiff mailed a letter to the court requesting leave to depose seven new witnesses.

In her March 2, 2015, motion to modify scheduling order, plaintiff moves for leave to depose the seven new witnesses and conduct additional document discovery. Plaintiff claims good cause for the modifications exists because the modifications will enable her to file a meaningful opposition to defendant's summary judgment motion and recent depositions revealed that defendant has not produced relevant documents.

In its memorandum in opposition, defendant argues good cause does not exist because

plaintiff needs no additional depositions to file a meaningful response to defendant's summary judgment motion and defendant produced all documents the parties agreed defendant would produce.

## II.     DISCUSSION

Good cause is required to modify a scheduling order.  FED. R. CIV. P. 16(B)(4).  To demonstrate good cause, the movant must show that a more diligent pursuit of discovery was impossible.  *Alexiou v. Moshos*, No. 08-5491, 2009 WL 2913960, at *3 (E.D. Pa. Sept. 9, 2009) (good cause was absent where movant failed to request additional document discovery in the months preceding the discovery deadline).  Attorney error does not support good cause; counsel are obligated to plan discovery efforts so foreseeably necessary discovery is timely completed, and counsel must promptly inform the court if unforeseen circumstances make compliance with deadlines impossible.  *GLS v. Dow Chem. Co.*, No. 87-3735, 1989 WL 144056, at *2 (E.D. Pa. Nov. 21, 1989).

Plaintiff states she identified the new witnesses "[f]ollowing some document review." Plaintiff filed her motion one day before the deposition deadline and mailed her letter approximately one month before the deadline, but document discovery concluded on September 5, 2014.  Plaintiff should have been aware of the identities of the new witnesses for many months.

Plaintiff does not provide excerpts or descriptions of the recent deposition testimony allegedly revealing that defendant has not produced relevant documents, and she does not describe the documents or explain how the documents relate to summary judgment.  These omissions undermine plaintiff's claim of good cause.

Because plaintiff fails to demonstrate good cause to modify the scheduling order, plaintiff's motion is denied.

## III.    CONCLUSION

Plaintiff's Motion to Modify Scheduling Order (paper no. 55) is denied because plaintiff fails to show good cause.  An appropriate Order follows.